UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYLER MARTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-02001-RLY-TAB |
| ) | |
| JONI WILLIAMS, et al., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT CRANE'S MOTION TO QUASH SUBPOENA
AND FOR ENTRY OF PROTECTIVE ORDER**

Defendant Judge Kit C. Dean Crane seeks an order quashing a subpoena for his deposition and a protective order shielding him from providing testimony in this case. [Filing No. 47.] Plaintiff Tyler Martz issued a subpoena for Crane's deposition and opposes Crane's motion. [Filing No. 55.] Both Crane and Martz have submitted lengthy briefs to the Court. However, the Court need not delve into those substantive arguments because the parties have failed to comply with S.D. Ind. Local Rule 37-1 and Fed. R. Civ. P. 26(c)(1). Before a party files a motion raising a discovery dispute, it must fulfill two prerequisites: (1) "meet and confer" with opposing counsel and (2) request a conference with the presiding magistrate judge. Local Rule 37-1(a), (b). Crane has not fulfilled those prerequisites, and his motion does not contain the meet-and-confer certification required by Local Rule 37-1(b) and Federal Rule 26(c)(1). Therefore, Plaintiff's motion [Filing No. 47] is denied.

1

Local Rule 37-1(a) outlines the actions that parties must take before involving the Court in a discovery dispute and states as follows:

> Prior to involving the court in any discovery dispute, including disputes involving depositions, the parties must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, one or both parties shall contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to a party filing a formal discovery motion.

Local Rule 37-1(a) creates a meet-and-confer requirement that mandates a "real-time interaction" between counsel. *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011). Email exchanges are not sufficient. "An electronic ultimatum is not a good faith attempt to resolve a discovery dispute. Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephonic, videoconference, or (if counsel's location permits) preferably face-to-face." *Id.* The parties' briefing is vague as to what meet and confer has occurred. Crane's supporting brief notes only that counsel for Crane "attempted" to meet and confer with Martz's counsel on this issue. [Filing No. 48, at ECF p. 3.] Crane has not shown that he fulfilled the meet-and-confer prerequisite.

Moreover, Local Rule 37-1(b) authorizes a party to file a discovery dispute motion only after the parties attempt to resolve the dispute at a conference with the magistrate judge. No party has contacted this Court to request a conference to discuss the propriety of deposing Crane. The second prerequisite to filing a discovery dispute motion—the request for a conference with the Court—is clearly unmet.

Furthermore, Crane's motion fails to contain information required by Federal Rule 26(c)(1) and Local Rule 37-1(b).  Federal Rule 26(c)(1) requires motions seeking protective orders from discovery to contain "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Local Rule 37-1(b) further specifies the mandatory content of meet-and-confer certifications in all discovery dispute motions.  It requires discovery dispute motions to contain "a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties."  Local Rule 37-1(b) also authorizes courts to deny discovery dispute motions that do not contain such a statement.  Martz's response brief notes that Crane failed to submit a Federal Rule 26(c)(1) and Local Rule 37-1(b) disclosure of meet-and-confer efforts.  [Filing No. 55, at ECF p. 17-18.]  However, other than attaching a short email exchange between counsel, Martz does not state what meet and confer occurred between the parties.  Crane's reply brief notes that Martz's counsel had previously issued subpoenas for Crane's deposition in two related lawsuits, *Shipley v. Williams, et al.,* No. 1:24-cv-766-RLY-MJD, and *Moore v. Williams, et al.*, No. 1:25-cv-96-RLY-MJD, and those past subpoenas led to unspecified discussions of the parties' respective positions.  [Filing No. 56, at ECF p. 6.]  However, the briefing fails to set forth any substance of those past discussions or otherwise conform with the requirements of Local Rule 37-1 or Federal Rule 26(c)(1).  Due to non-compliance with those rules, the Court denies Crane's motion to quash subpoena and for entry of protective order.  [Filing No. 47.]

Pushing past these procedural defects, the Court provides insight into some substantive issues raised by the parties.  Although Crane is a judge, he is also a party to this lawsuit.  Judges, like presidents and other high-ranking officials, are not immune from discovery and may be

required to sit for depositions. *See Trump v. Vance*, 591 U.S. 786, 810-11 (2020) (requiring President Trump to produce records in response to a subpoena); *Clinton v. Jones*, 520 U.S. 681, 704-5 (1997) (discussing several examples of past presidents' compliance with discovery requests and depositions and allowing a civil case to proceed that required President Clinton to sit for a deposition); *United States v. Nixon*, 418 U.S. 683, 714 (1974) (requiring President Nixon to produce evidence in response to a subpoena); *In re A Subpoena to Testify at A Deposition in A Civ. Action Addressed to the Hon. Kirstjen Nielsen*, 713 F. Supp. 3d 589, 595 (N.D. Ca. Jan. 24, 2024) (requiring the Secretary of Homeland Security to sit for a deposition). While courts have precluded judges from testifying about the mental processes behind their judicial decisions, judges are not otherwise entitled to special protections from discovery, especially when they are parties to lawsuits. *See In re Cook*, 49 F.3d 263, 265 (7th Cir. 1995) (recognizing that judges may not be compelled to testify about their judicial deliberations or rationale).

      Furthermore, the risk that an attorney might ask a deponent about privileged or irrelevant information is not a sufficient basis for barring a deposition. Attorneys routinely handle issues that arise during depositions—such as privilege, work product, and other improper questions—by raising objections during depositions and, when appropriate, advising their clients not to answer. *See Donald v. Outlaw*, No. 2:17-cv-32-TLS-JPK, 2019 WL 3335031, at *2 (N.D. Ind. July 24, 2019) ("[R]egarding matters of privilege, instead of disallowing a deposition, '[t]he more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary.'"). Moreover, Local Rule 37-1(a) permits parties to recess a deposition and contact the magistrate judge's chambers when an objection raised during a deposition threatens to prevent the completion of the deposition.

The Court expects the parties to comply with Federal Rule 26(c)(1) and Local Rule 37-1 when handling future discovery disputes, including any such disputes remaining regarding the requested deposition of Crane. Crane's motion to quash subpoena and for entry of protective order [Filing No. 47] is denied.

Date: 5/30/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email