UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYLER MARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02001-RLY-TAB |
| | ) | |
| JONI WILLIAMS In her individual and official capacities as Executive Director of Henry County Community Corrections, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES AND TO AMEND HIS COMPLAINT**

Plaintiff Tyler Martz seeks leave to join additional parties and file an amended complaint. [Filing No. 52.] Plaintiff's motion seeks to (1) join non-parties, Jordan Pruett and 20 John Does; (2) dismiss one Defendant, Chase Hightower; and (3) assert additional factual allegations against some Defendants. Defendants Sheriff Ric McCorkle, Jay Davis, Henry County Commissioners, and Henry County Sheriff's Office ("the County Defendants") object, arguing that the new claims asserted in the proposed amended complaint are futile. [Filing No. 53.] Defendants Judge Kit Crane and former prosecutor Joseph Bergacs ("the Judicial Defendants") also object, arguing that the amendments are futile and that newly alleged facts regarding Crane are irrelevant. [Filing No. 54.] For the reasons set forth below, Plaintiff's motion is granted in part and denied in part. [Filing No. 52.]

While courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile[,]" Rule 15(a)(2) of the Federal Rules of Civil Procedure requires courts to grant leave to amend freely when justice so requires. *Standard v. Nygren*, 658

1

F.3d 792, 797 (7th Cir. 2011). "This rule reflects a liberal attitude toward amendments[.]" *Fischer v. Beazer Homes, Inc.*, No. 1:10–cv–1186–SEB–TAB, 2011 WL 3812699, at *1 (S.D. Ind. Aug. 26, 2011). Moreover, as this Court recently explained when ruling on a similar motion for leave to amend in a related case, "Typically, a determination of futility is best resolved on a motion to dismiss." *Moore v. Williams*, No. 1:25-cv-96-RLY-MJD (S.D. Ind. May 28, 2025). As to the proposed joinder of Pruett and new factual allegations against various current Defendants, Defendants' futility arguments are more properly asserted in motions to dismiss, not in opposition to the proposed amended complaint. Therefore, Plaintiff may amend the complaint to include the new claim against Pruett, assert the additional factual allegations against current Defendants, and to remove claims against Hightower.[1]

In contrast, the proposed joinder of 20 unidentified persons is futile. "[S]uing unnamed defendants in federal court is generally disfavored by the Seventh Circuit." *Lintz v. Holcomb*, No. 2:22-cv-00329-JPH-MKK, 2023 WL 3161021, at *1 (S.D. Ind. Apr. 28, 2023). "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15[.]" *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Therefore, Plaintiff's amended complaint must exclude claims against John Does.

Notably, when leave is granted and an amended complaint is filed, the amended complaint becomes the operative complaint, "making [any] pending motions to dismiss the *original* complaint irrelevant." *Bertha v. Sullivan*, 719 Fed. App'x. 516, 518 (7th Cir. 2017) (emphasis original). The Judicial Defendants have moved to dismiss the claims asserted against them in Plaintiff's original complaint. [Filing No. 28.] Upon Plaintiff's filing of an amended complaint, the Judicial Defendants' motions to dismiss will be rendered moot.

---

[1] No party has objected to the dismissal of Defendant Hightower.

For these reasons, Plaintiff's motion to join additional parties and for leave to file an amended complaint [Filing No. 52] is granted in part and denied in part. Plaintiff shall have 14 days from the date of this order to file a revised amended complaint, as authorized by this order. Other than the removal of the claims against the John Does, the revised amended complaint should be in substantially the same form as Filing No. 52-1. Furthermore, the filing of the revised amended complaint will moot the pending motion to dismiss. [Filing No. 28]. Once filed by Plaintiff, all Defendants will have 14 days to answer or otherwise respond to the revised amended complaint.

Date: 6/10/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email